Per Curiam.
Section 531 of the Code provides that the court may, in any case, direct a bill of particulars of the claim of either party to be delivered to the adverse party. Tilton v. Beecher, 59 N. Y. 187, states the rule ■ to be, “ that in almost every kind of case in which the ■ defendant can satisfy the court that it is necessary to a fair trial that he should be apprised beforehand of the particulars of the charge that he is expected to meet, the court has authority to compel the adverse party to specify those particulars, so far as in his power.”
To entitle plaintiff to recover in this action, he must prove that the defendants have failed to convey or offered to convey a good title to the property which the plaintiff agreed to purchase. Baylass v. Stimson, 53 Super. Ct. 233.
The charge that defendants will be called to meet, is that the title that they offered to convey was not a good title to the premises, and we are satisfied that it is necessary to a fair trial of the action that defendants should ■be apprised beforehand of the specific defects in the title. Without such knowledge defendants may be surprised on the trial, by the presentation of 'a defect which it is possible may be met or removed. If there is no substantial defect, plaintiff cannot be injured by being «compelled to.specify such defect.
*160 The order appealed from, however, in addition to-requiring a bill of particulars, requires that the plaintiff make his reply more definite and certain, or specify some particulars that he is required to furnish by the bill of particulars ordered. Both of these remedies are not required, and we think from the nature of the action, that the more appropriate method is to require the plaintiff to furnish the bill of particulars.
The order appealed from should be modified by striking out the provision for the service of an amended reply, and as so modified, affirmed without costs of this appeal to either party.